UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In The Matter of The Complaint of Jillian Morrison, L.L.C., Chet Morrison Contractors, Inc., and Chet Morrison Services, L.L.C., as Owner and/or Operators of the DSV Jillian Morrison Petitioning for Exoneration from or Limitation of Liability | § § § § § § § § § CIVIL ACTION H-08-2171 |

**Order**

Pending before the court are claimant's motion for summary judgment for failure to timely petition for limitation of liability and motion to lift limitation stay. Dkt. 12, 13. Upon consideration of the motions, the responses and the applicable law, the motion for summary judgment is DENIED, and the motion to lift stay is DENIED without prejudice to refiling after October 30, 2008.

**I.     Background**

This petition arises out of an allision that occurred on or about December 15, 2007. In January 2008, claimant Michael Jones filed state court actions against the owners and operators of the DSV Jillian Morrison—the stationary vessel in the allision, and the owners and operators of the DSV Clay Ella—the moving vessel in the allision. On July 9, 2008, the plaintiffs, the owner and operator of the DSV Jillian Morrison, filed this limitation action and moved for a stay all proceedings other than the limitation action. The court granted the stay and set October 30, 2008 as the deadline for filing claims in this matter. Dkt. 8.

**II.    Motion For Summary Judgment**

Claimant moves for summary judgment in this limitations action arguing that the plaintiffs failed to timely petition for limitation of liability.

### A. Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

### B. Analysis

The Limitation of Vessel Owner's Liability Act provides that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30505 (formerly codified at 46 U.S.C.App. § 183). In order to limit liability under the Act, the owner must bring an action "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511 (formerly codified at 46 U.S.C.App. § 185).

"Written notice of a claim" is not defined by the statute, but "[c]ourts in the Fifth Circuit have generally required that, in order to be sufficient to trigger the six-month period, written notice must inform the owner (1) of the details of the incident; (2) that the owner appeared to be responsible for the damages in question; [3] that the claimant intends to seek damages; and (4) that there is a reasonable possibility that the potential claim is subject to limitation." *In re Santa Fe Cruz, Inc.*, 535

F. Supp. 2d 853, 857 (S.D. Tex. 2007) (citing *In re: Loyd W. Richardson Constr. Co.*, 850 F. Supp. 555 (S.D. Tex.1993); *Billiot v. Dolphin Servs., Inc.*, 225 F.3d 515 (5th Cir.2000); *In re: Tom-Mac, Inc.*, 76 F.3d 678 (5th Cir.1996)).  "Mere knowledge by the shipowner is not enough to commence the running of the six-month period." *Id.*

In the instant case, claimant argues that the plaintiffs had sufficient written notice on December 15 and 16, 2007 when they received the accident reports of the allision.  Plaintiffs had further notice on December 19, 2007 when they received an off-work notice from the claimant's doctor.  And, finally on January 8, 2008 the plaintiffs received a letter from the claimant's doctor fully describing the extent of the injuries.  Therefore, using even the most generous date of notice proffered by claimant—January 8, 2008—the plaintiffs' limitations action filed on July 9, 2008 is untimely.

The plaintiffs counter that none of these documents indicate that they are at fault for the allision.  The only demands made on them are for maintenance and cure.  They argue that the first time that they became aware of the possibility of claims that could exceed the value of the vessel that were also subject to limitations is when they were served in this suit in February 2008.  The court agrees.  All of the documents upon which the claimant relies as notice deal exclusively with the injuries to the seaman, not the plaintiffs' liability.  And, while that certainly was sufficient to put the plaintiffs on notice regarding their obligations of maintenance and cure, those obligations are unrelated to limitation of liability.  *Brister v. A.W.I., Inc.*, 946 F.2d 350, 361 (5th Cir. 1991) ("[A] a shipowner cannot limit its liability for maintenance and cure. It may bring a limitation action only in response to a finding of negligence or unseaworthiness.").  Therefore, the court finds that the plaintiffs were not on notice of "a reasonable possibility that the potential claim is subject to

limitation" until service of the state court suit in February 2008.  Accordingly, this limitations action is timely filed and summary judgement is DENIED.

### III.  MOTION TO LIFT STAY

The claimant also moves the court to lift the stay on the state court action.  He argues that if the claimant or claimants tender stipulations to the jurisdiction of the federal court over the limitations action, then a court abuses its discretion in not lifting the stay.  And, because the claimant has tender such a stipulation to the court, he urges that the stay be lifted.  The plaintiffs counter that Fifth Circuit law requires that *all* claimants stipulate to the court's jurisdiction.  Since the court has set October 30, 2008 as the deadline for claims, whether *all* claimants have so stipulated cannot be determined until after that date.  The court agrees.  *See Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996).  Accordingly, the motion to lift stay is DENIED without prejudice to reurge after October 30, 2008.

### IV.  CONCLUSION

Pending before the court are claimant's motion for summary judgment and motion to lift stay.  For the reasons outlined above, the motion for summary judgment is DENIED and the motion to lift stay is DENIED without prejudice to reurge after October 30, 2008.

Signed at Houston, Texas on September 23, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY